*581 OPINION.
Littleton:
The petitioner contends that its income for the year 1918 was due primarily to activities of its stockholders; that it wa,s not engaged in trading as a principal; and that capital was not used in the business and was not a material income-producing factor.
All of the stockholders were regularly engaged in the active conduct of the affairs of the corporation and 84 per cent of the gross income may be ascribed primarily to their activities. It was not engaged in trading as a principal, but it appears that a portion of its income was produced by capital. Section 200 of the Revenue Act of 1918 provides that the term “ personal service corporation ” means a corporation in which capital (whether invested or borrowed) is not a material income-*producing factor. It appears, as the findings of fact show, that 16 per cent of the petitioner’s gross income was produced by capital, invested or borrowed, and from the sale of stock of another corporation purchased within the year. The statute provides that before a corporation is entitled to classification as a personal service corporation its income must be ascribed primarily to the activities of the principal owners or stockholders, and as was said by the court in the case of Matteson Co. v. Willcuts, 12 Fed. (2d) 447:
Any corporation claiming to be a personal service corporation must bring itself fairly within the requirements of such an organization, as provided by law. Every corporation has full control of its own activities. It knows what the requirements of a personal service corporation are. It may comply therewith and easily keep within the limits thereof if it so choose, or it may not if it otherwise prefers. If it does not fairly observe and keep within the requirements of the law, it should not claim the benefits which the law confers. To nearly comply with the law, or to come within hailing distance thereof, is not enough.
The court in that case denied the claim of the taxpayer that it was a personal service corporation upon the ground that one of the principal stockholders was not regularly engaged in the active conduct of the business, and, with regard to whether capital was a material income-producing factor, the court said:
In this ease a little over 5 per cent, of the income of plaintiff corporation, ■during the year 1919, was derived from interest, discount, and profits on moneys invested. Here again the corporation, being free to elect to comply with the law, has come, at least, dangerously near a violation thereof. If it *582 is to claim the privilege of a personal service corporation, it should keep free from investments which yield interest or profit. The capital here involved was not such as was necessarily incident to carrying on the corporate activities, but was free capital. In view of the rather small amount of the income from interest, discount, and profits, the courts might hesitate to deny personal service classification to the corporation on that ground, if otherwise its right to such classification was fairly shown. Here, where the right to such classification otherwise is not shown, the receipt of such interest, discount, and profits should not be ignored, and may be assigned for what it is worth as a further ground of opposition to plaintiff’s claims.
In the opinion of the Board, it is immaterial whether the income derived from capital is produced by the use of that capital in the business in which the petitioner is primarily engaged. It is income within the definition of section 200 no less because it arises from investments or sale of assets. The Board is of the opinion that it was not the intention of Congress to grant to corporations personal service classification when capital is found to have produced during the year a substantial amount of income. Under the circumstances in this appeal, we believe that capital was a material income-producing factor within the meaning'of the statute and that petitioner is not entitled to classification as a personal service corporation.
Judgment will be entered on 15 days’ notice, wilder Bule 50.